# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JESSE CARL TOOMER    #100458**                                                **PLAINTIFF**

**VS.**                                                **CIVIL ACTION: 1:18cv312-RHW**

**HAROLD COULTER and**
**PATRINA SMITH**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is [61] the August 8, 2019 motion for summary judgment filed by the Defendants in this *pro se* prisoner civil rights lawsuit. Jesse Carl Toomer filed this action on October 1, 2018, alleging that after his arrest and incarceration in the Jackson County Adult Detention Center (JCADC) in July 2018, Defendants provided him constitutionally inadequate medical care for a hand injury. Toomer has since been confined in custody of the Mississippi Department of Corrections (MDOC) on a three-year sentence for a Jackson County conviction of possession of a controlled substance, and released; he is now free-world. Dr. Harold Coulter and Nurse Patrina Smith provided medical care for inmates at JCADC during Toomer's stay there. All parties consented to the exercise of jurisdiction by the United States Magistrate Judge under 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case was reassigned to the undersigned for all purposes. [50], [52]

### Facts and Procedural History

According to his complaint [1] and hearing testimony [61-4], Toomer "broke" his hand[1] while working on his motorcycle at his father's house on July 30, 2018. About an hour after he injured himself, he was arrested on domestic violence/aggravated assault charges, and taken to

---

[1] Toomer testified he knew his hand was broken because he had fractured it twice before; he used to be a boxer and had boxer's fractures. [61-4, p. 23, 46, 19]

JCADC. Toomer admits he was under the influence of drugs (Ice or methamphetamine) when he was booked into the jail. [61-4, pp. 8, 25] Toomer's medical booking sheet notes no visible signs of trauma on July 30, 2018. [66-2, p. 2] However, he states he told the booking officer he had hurt his hand, and that the officer had Nurse Smith come to booking to check it out. Toomer stated Smith hurt him when she "grabbed" his hand to look at it, so he did not let her examine it further, and she just put him on the list to see the doctor. [61-4, pp.14, 27, 32, 51] He testified he sued Smith for not immediately sending him to the hospital for x-rays. An August 23, 2018 medical screening noted he had "grip strength 5/5" in both upper extremities. [66-2, p. 7]

Toomer alleged he saw the doctor three weeks after coming to the jail, had x-rays and received pain medication. His JCADC medical records show he saw Dr. Coulter for right hand pain on August 28, 2018, and Dr. Coulter ordered x-rays and prescribed Ibuprofen for pain. [64-1, pp. 15-16, 33-34], [66-2, p. 9] The x-rays taken the next day were essentially normal, showing "no demonstrated fracture," and "no radiographic evidence of an acute pathology." [66-2, p. 10], [61-4, pp. 34-36] Dr. Coulter saw Toomer again on September 6, 2018 and October 9, 2018, and told him his x-rays were normal. [66-2, pp. 13, 16, 37] On the latter visit, the doctor noted "grip strength 5/5," and again prescribed him Ibuprofen for his reported pain. [61-4, p. 40] By the time he saw the doctor on October 9, Toomer had already signed his complaint for this lawsuit (on September 20, 2018). He admitted in the hearing that no doctor said he had a fracture from his July 30, 2018 accident, and no doctor told him something was healing wrong. He disagrees with Dr. Coulter's diagnosis, claims it was obvious something was wrong with his hand, and contends Dr. Coulter should have ordered an MRI or sent him to an outside doctor. [61-4, pp. 18-19, 38-39] By November 13, 2018 Toomer was transferred to MDOC custody, and temporarily housed at Central Mississippi Correctional Facility (CMCF). On a November 29,

2018 x-ray taken there, the radiologist noted "no fracture or dislocation" and "no appreciable soft tissue swelling" were seen, and concluded "no acute osseous findings." [66-4, p. 17] Toomer again disagreed, and continued to demand to see a specialist. [66-1, p. 15] Based upon these facts, Toomer claims Nurse Smith and Dr. Coulter violated his right to be free of cruel and unusual punishment by failing to send him to the hospital for x-rays immediately after he arrived at the jail, misdiagnosing his hand problem and/or failing to send him to a specialist or order an MRI.

Relying on Toomer's medical records, prison and jail records, and hearing testimony, Defendants assert Toomer cannot establish the requisite deliberate indifference essential to a constitutional claim for inadequate medical care.

## Summary Judgment Standard

Under FED.R.CIV.P. 56, summary judgment is required "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Material facts are those which affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorably to the non-moving party, but the burden of proof is on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Abarca v. Metropolitan Transit Authority,* 404 F.3d 938, 940 (5th Cir. 2005). Movants must identify those portions of pleadings and discovery on file and any affidavits which they believe demonstrate the absence of a genuine issue of material fact. When the moving parties have carried their burden, the non-movant must set forth specific facts showing there is a genuine issue for trial by either submitting

opposing evidentiary documents or referring to evidentiary documents already in the record which demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts"). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, do not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>Deliberate indifference to serious medical needs</u>

The Constitution guarantees prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845 at *4 (E.D. La., April 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). The Constitution does not guarantee prisoners the best medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at * 7 (S.D. Miss. September 25, 2006). The standard by which Toomer's case must be judged is deliberate indifference to serious medical needs. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dept. of Criminal Justice,* 91 F. App'x 963, 964 (5th Cir. 2004), citing *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

> [T]he determinative issue ... is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with *deliberate indifference*.

*Spriggins*, 2012 WL 1135845 at * 5. "Deliberate indifference is an extremely high standard to meet," and required that Toomer show both an "objective exposure to a substantial risk of serious harm" *and* that the Defendants "acted or failed to act with deliberate indifference to that risk." *Gobert*, 463 F.3d at 345-46 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference cannot be inferred from negligent, or even grossly negligent, acts or omissions of a defendant; mere negligence, neglect, unsuccessful medical treatment or even medical malpractice do not give rise to a § 1983 cause of action. *See*, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). A prisoner claiming deliberate indifference to serious medical needs must submit evidence that Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x at 965; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert*, 463 F.2d at 345, n.12 (citation omitted). Delay in medical care can constitute an Eighth Amendment violation, but only "if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). On claims for delayed medical treatment, the applicable standard remains one of deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

From the evidence presented, the Court finds Toomer has failed to meet his burden to show an "objective exposure to a substantial risk of serious harm" *and* that Nurse Smith and Dr. Coulter were deliberately indifferent to that risk. *Gobert*, 463 F.3d at 345-46 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). At most, Toomer has shown that Smith declined to allow him to dictate how he was to be treated since he refused to allow her to examine his hand, thus as amply demonstrated by the above law, there is no basis for a finding of deliberate indifference on Smith's part.

Toomer testified he was aware of how to request medical attention, and his JCADC records show he next requested medical attention for his hand on August 18, 2018 when he filed a grievance about not having been seen for the complaints he made during booking. He was scheduled for, and seen by the nurse at sick call on August 23, 2018. Dr. Coulter saw him on August 28, 2018, prescribed medication for pain and ordered x-rays, which were taken on August 29, 2018 and showed no fracture nor evidence of acute pathology. [66-2, pp. 25, 7-10] Deliberate indifference is not established by Toomer's disagreement with Dr. Coulter's diagnosis, treatment and medical decisions regarding his care at JCADC. Medical decisions as to the form of treatment do not represent cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Castro v. Louisiana*, 2008 WL 5169401, at *4 (E.D. La. December 8, 2008) ("medical judgments are not to be lightly second-guessed by the courts in a federal civil rights action"); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Spriggins*, 2012 WL 1135845 at * 4, quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Jenkins v. Lee*, 84 F. App'x 469 (5th

Cir. 2004) (physician's decision to treat prisoner with medication different from that requested by prisoner held insufficient to establish constitutional violation); *Sanders v. Westfield*, 2012 WL 930893, *1 (S.D. Miss. March 19, 2012) (prisoner's dissatisfaction and disagreement with medical treatment does not establish constitutional violation); *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (disagreement with medical treatment does not constitute deliberate indifference). Toomer's belief that he was entitled to different treatment does not entitle him to it, and the fact that his preference was not granted does not constitute deliberate indifference. *See*, *Gamage v. Wexford Health Sources, Inc.*, 2013 WL 704933 at *5 (S.D. Miss., February 26, 2013); *Davidson*, 91 F. Appx. at 965; *Harris v. Epps*, 2012 WL 3114555, at *4 (S.D. Miss. July 31, 2012). The Court will therefore grant Defendants' motion for summary judgment. A separate judgment will be entered.

**SO ORDERED**, this the 18th day of March 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE